JOHN A. ARNOLD v. FRED HOSCHILDT and Others.[1]

June 23, 1897.

Nos. 10,639—(209).

**Fraudulent Conveyance—Notice of Grantee.**
In an action to set aside a conveyance as fraudulent as to creditors, *held* that, from the facts found by the trial court, it necessarily follows that the grantee is chargeable with notice of the fraudulent intent of the grantor.

**Same—Estoppel—Subrogation.**
The plaintiff held a mortgage on the premises executed by the fraudulent grantor, payment of which he accepted from the grantee after the conveyance. *Held*, that this does not estop the plaintiff from attacking the conveyance as fraudulent, but, if it is set aside, the grantee is entitled to be subrogated to plaintiff's rights as mortgagee.

Appeal by plaintiff from a judgment of the district court for Blue Earth county in favor of defendants, after a trial before Severance, J., without a jury. Reversed.

*Thomas Hughes*, for appellant.

*W. B. Torrey* and *W. R. Geddes*, for respondents.

MITCHELL, J.[2]

The only question presented by the record is whether the conclusions of law are justified by the findings of fact.

[1] Reported in 71 N. W. 829.　　[2] BUCK, J., did not sit.

The action was brought by the plaintiff, as a judgment creditor of the defendant Fred Hoschildt, to set aside as fraudulent (1) a conveyance by Hoschildt to defendant Simonds; (2) a conveyance of the same property by Simonds to Hoschildt's wife; and (3) a conveyance from the latter to defendant Benrud,—the object of the suit being to subject the property to the payment of plaintiff's judgment. The court finds that, on September 8, 1894, the defendant Fred Hoschildt, his wife joining in the deed, conveyed the property to the defendant Simonds for the expressed consideration of one dollar; that on the same day Simonds, for the expressed consideration of one dollar, conveyed the property to Hoschildt's wife; that on November 15, 1894, Mrs. Hoschildt bargained and agreed to sell the property to the defendant Benrud for the consideration of $1,100, including a mortgage for $400 on the property executed by her husband before the conveyance to Simonds, which Benrud was to assume and pay as part of the purchase price of the property; the balance of the purchase price was to be $250 cash and a bill of sale to be executed by Benrud of some cattle and horses. The deed of the land, the $250 in money, and the bill of sale were deposited with the cashier of a bank, to be by him held to await the examination by Benrud of the title of the land, and, if the title was satisfactory to him, then the trade to be completed by the delivery of the deed to Benrud and of the bill of sale and the cash to Mrs. Hoschildt. The abstract of the title being satisfactory to Benrud, on November 19 the trade was completed by the delivery of the deed to him and of the money and bill of sale to Mrs. Hoschildt.

Prior to this, however, and on September 8, plaintiff had brought suit against Fred Hoschildt for the recovery of a debt, in which he finally obtained his present judgment, and on November 20 (one day after the consummation of the trade referred to) attached the land conveyed by Mrs. Hoschildt to Benrud. On November 19, but before the deed from Hoschildt and wife was delivered to Benrud, and before any of the consideration therefor had been paid or delivered to Mrs. Hoschildt, the plaintiff, by his attorney, Hughes, personally informed Benrud of the existence of the indebtedness of Hoschildt to plaintiff, and that the transaction by which Hoschildt had conveyed this property through Simonds to his wife was a fraud, and

that they (Hoschildt and wife) were then trying to dispose of it to defraud the plaintiff, and that plaintiff was about to get out an attachment and attach the property. The court expressly finds that Hoschildt conveyed the lots to Simonds with the purpose and intent of hindering, delaying, and defrauding his creditors, including the plaintiff, and that these lots were all the property that Hoschildt owned.

It requires no argument to prove that the conveyances from Hoschildt and wife to Simonds, and from Simonds back to Mrs. Hoschildt, were fraudulent and void as to the creditors of Hoschildt. It is wholly immaterial whether the wife or Simonds did or did not know of Hoschildt's fraudulent intent, for they were not purchasers for a valuable consideration. The fact that by the terms of the deed from Simonds to Mrs. Hoschildt the latter assumed and agreed to pay the $400 mortgage on the land does not help the matter a particle. Hence the question in the case is whether Benrud was a bona fide purchaser; that is, a purchaser without notice of the fraudulent intent of his grantors. The court having found only the evidentiary facts, and not the ultimate fact, we recognize the rule that, to hold that Benrud was a purchaser with notice, that result must necessarily follow as a conclusion of law from the facts found. It seems to us that such a conclusion is inevitable.

To charge a purchaser with notice of his grantor's fraud, it is not necessary that he have actual knowledge or positive and legal proof of it. It is sufficient if he has notice of such facts as should put him upon inquiry. In this case it is not necessary, in order to charge Benrud with notice, to rely exclusively on constructive notice, for he had actual notice before he closed the bargain or parted with a dollar of the consideration. This actual notice was enforced and strengthened by the fact, which the records and abstract of title disclosed to him, that plaintiff's debtor had without consideration conveyed this property to a third party, who immediately and without consideration reconveyed it to the debtor's wife,—a transaction most suggestive of fraud,—and yet with all this notice he persisted in immediately accepting the conveyance and paying over the consideration. If this evidence is not conclusive, it would be difficult to conceive of a state of facts that would be.

Counsel urges that Benrud became satisfied with the title on November 17, two days before he received notice of the fraud, and therefore that the title of the lots vested in him as of that date. We do not so understand the court's findings. But it is immaterial when Benrud became satisfied in his own mind with the title. The consideration for the conveyance still remained entirely in his own control, and the fraud of his grantor was of itself a defect in the title which would have justified him in refusing to accept it, and his duty to creditors required him to do so.

The court finds that, after plaintiff attached the land, and before he brought this action, Benrud paid to plaintiff the $400 mortgage on the property already referred to, and that plaintiff accepted such payment. This does not estop plaintiff from assailing the conveyances on the ground of fraud; but, in the judgment setting aside these conveyances, Benrud should be protected to the extent of the amount thus paid, and plaintiff's judgment lien on the land declared subordinate to Benrud's right to be subrogated to the rights which plaintiff had as mortgagee before the mortgage was paid.

As the record does not contain either a case or bill of exceptions, we cannot tell what the evidence was, or the precise theory of the law upon which the case was tried. We are, therefore, not inclined to direct absolutely that judgment on the findings be entered for the plaintiff.

The judgment is reversed, and the cause remanded, with directions to the court below to enter judgment for the plaintiff in accordance with this opinion, unless, for cause shown, it shall in its discretion grant a new trial. So ordered.